(19 Misc. Rep. 143.)

OTTMAN v. GARDNER.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

ESTOPPEL—FALSE REPRESENTATION AS TO LEASE—ACQUIESCENCE BY LESSEE.

A monthly tenant, at $55 per month rental, is estopped to deny, as against a purchaser of the demised premises, that the tenancy is yearly, at $65 per month, where the purchase was induced by a representation of the landlord to that effect, and the tenant, having been told by the landlord that the sale could only be made by such a representation, accepted from the landlord $10 a month for the balance of the year, and for several months paid rent to the purchaser at $65 a month.

Appeal from Sixth district court.

Action by Charles Ottman against Edward E. Gardner to recover for rent of an apartment in No. 65 West Seventieth street. From a judgment entered on a decision of the trial justice in favor of defendant, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Bowers & Sands, for appellant.

Whitman, Fitzgerald & Ives, for respondent.

DALY, P. J. The defendant hired from one Denton, through his agent, Flanagan, in September, 1895, an apartment in No. 65 West Seventieth street, in the city of New York. In February, 1896, Denton sold the premises to the plaintiff, Ottman. On June 15, 1896, defendant vacated the apartment. This action is brought to recover rent at the rate of $65 per month from the last-named date to October 1, 1896, upon the allegation that defendant had leased the premises from Denton for one year from October 1, 1896, at the yearly rent of $780, payable monthly. The defendant denied the lease as alleged, and claimed that he was a monthly tenant at a rental of $55 per month commencing on September 15, 1895, and that his tenancy terminated upon his removal, on June 15, 1896. There was a conflict of evidence as to whether the lease was for one year, or by the month; but there was no question that the rent, as fixed, was $55 per month, and not $65. The finding of the justice in favor of the defendant establishes that the lease was by the month, but the plaintiff claims that the defendant is estopped from denying the tenancy as claimed in the complaint. The estoppel is based upon substantially the following facts: Prior to the sale by the original landlord, Denton, to the plaintiff, in February, 1896, the agent, Flanagan, went to the defendant, and told him of the intended sale, and that it had been represented to the prospective purchaser that the defendant had a lease until October 1, 1896, at the monthly rent of $65; and the agent persuaded the defendant to accept the sum of $70, with which to make up, every month for the seven succeeding months to October 1st, the full sum of $65, to be paid to the new landlord. The defendant at first objected to the representation as made, but upon being afterwards informed by the agent that "the deal could not go through, and that he had better take the money," accepted the $70, and thereafter, and until he moved out, in June, paid to the agent of the new landlord $65 per month. When

he moved out he offered the unused portion of the $70 back to Flanagan, who refused to receive it.

The evidence makes out a plain case for the application of the rule that one who has made a representation of fact which he has reason to believe would influence the conduct of another shall not be permitted to deny the fact as represented, to the prejudice of the party who has acted upon the representation. It was shown by the evidence of Flanagan that he sold the premises to the plaintiff, representing to him that the defendant had a lease as claimed in the complaint, and the defendant himself testified as follows:

"Mr. Flanagan said to me, 'Doctor, we have sold this place, and we have told the owner that you have a lease until the 1st of October, and that you are paying $65 a month.' I said, 'Well, I am not going to pay $65.' 'Well,' he said, 'I tell you what I will do. I will give you the $10 a month until your term is up. You pay $65, and I will hand you the $10 for each month.' And he said, 'You had better take the full amount from now until the 1st of October, because I have told him you are going to stay until then.' I said, 'You have no business to do that. I don't intend to stay.' He met me in the hall next day, and said, 'This deal cannot go through,' or something to that effect; 'you had better take this money.' * * * Q. He paid you $70? A. Yes, sir. Q. And he paid you that, telling you that you could pay it to Mr. Ottman? A. That I pay Mr. Ottman $65 a month, and that I would have the $10. Q. And that that would ratify what he had said to the plaintiff? A. Yes. Q. You took the $70, didn't you? A. Yes, sir; but I positively refused to have anything to do with it."

It was proved by Crusius, the agent of the plaintiff, that the defendant paid him rent after the plaintiff took possession, beginning in March, 1896, and that such payment was $65 per month. As the defendant expressly ratified and confirmed the act of Flanagan in representing that his lease extended to October 1st, and was at the rental of $65 per month, he is chargeable to the same extent as if he had made such representation himself to the new landlord in order to induce him to purchase the premises. His accepting the money was with the intention of confirming the representation as made, and preventing the discovery of the fraud by the purchaser, and lulling him into security; and he affirmatively took part in the deception, by paying at the rate of $65 while he stayed in. The evidence warrants the inference that the representation of Flanagan as to this lease was made before the plaintiff concluded his purchase, and was the inducement to the purchase; also, that the defendant knew of such representation before the purchase was completed. But even if he was informed of the false representation after the plaintiff had acted upon it, but then became a party to a scheme by which the purchaser would be confirmed in his impression that the representation was true, and was thereby misled to his prejudice, an estoppel will be equally well established. Upon the facts of the case, it was manifest that the defendant should have been held to the terms of the lease as represented, with his concurrence, to the plaintiff, and that judgment should have been given in favor of the latter.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.